NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1597
_____

JERRY L. RAY,
                                        Appellant

v.

MICHAEL CAIN, an Individual; JAMES MARKLEY, an Individual;
CITY OF WASHINGTON
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:13-cv-01483)
District Judge: Honorable David S. Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 26, 2018

Before: HARDIMAN, VANASKIE, and SHWARTZ, Circuit Judges

(Filed: February 9, 2018)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, Circuit Judge

Jerry Ray appeals a summary judgment in favor of the City of Washington, Pennsylvania and two of its Police Officers, Michael Cain and James Markley. We will affirm.

I

Shortly after 2:00 a.m. on October 16, 2011, Officers Cain and Markley found Ray lying unconscious at the intersection of Jefferson Avenue and West Chestnut Street in Washington, Pennsylvania. Ray had been drinking at a nearby bar and did not remember how he ended up in the street.

Upon seeing Ray, Officer Markley parked his police cruiser in a position to protect Ray from oncoming traffic. Markley activated the cruiser's emergency lights, and he and Officer Cain got out of the car. Markley roused Ray and instructed him to move to the nearest sidewalk after Ray began to stand up. Instead of doing as the officer requested, Ray staggered across the intersection and onto the far sidewalk, where he hit a pole and fell into the roadway. The officers then handcuffed Ray and placed him under arrest for public intoxication.

Once Ray was handcuffed, the officers called for backup and Cain used his department-issued flashlight in the strobe setting to warn any oncoming traffic of Ray and Markley's presence in the roadway. After seeing no vehicles on the road, Cain returned to the cruiser so he could move the car to Ray's new location for protection. Meanwhile, Markley stayed with Ray and attempted to get him onto the sidewalk. Before Markley could accomplish that task, an intoxicated motorist drove through the

2

intersection and grievously injured Ray immediately after Markley jumped out of the way.

Ray sued Officers Cain and Markley under 42 U.S.C. § 1983, claiming they subjected him to a "state-created danger" in violation of the Fourteenth Amendment. Ray also sued the City of Washington for "failure to train" under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The District Court granted Defendants summary judgment on these claims.[1]

## II[2]

Ray's principal argument on appeal is that the District Court erred when it held that Officers Cain and Markley could not be liable under a state-created danger theory.

Liability under § 1983 based on a state-created danger is an exception to the general rule that due process does not impose a duty on States "to protect their citizens from private harm." *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 242 (3d Cir. 2016). To establish a state-created danger claim, a plaintiff must demonstrate, *inter alia*, that a state

---

[1] The District Court denied the officers' motion for summary judgment on Ray's § 1983 excessive force claims. A jury returned a verdict in favor of Markley and Cain, and a final order was entered by the District Court. The claims adjudicated at trial and Ray's pendent state-law claims, which the District Court dismissed following summary judgment, are not at issue in this appeal.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). Our jurisdiction lies under 28 U.S.C. § 1291. Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003).

actor (1) "acted with a degree of culpability that shocks the conscience" and (2) "affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." *Id.* (quoting *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006)). We agree with the District Court that Officers Cain and Markley did not act in a manner that shocks the conscience.

The degree of culpability sufficient to shock the conscience will vary from case to case. *Sanford v. Stiles*, 456 F.3d 298, 309–10 (3d Cir. 2006). When a "snap judgment" is required due to a "hyperpressurized environment," liability attaches only to conduct taken with the intent to harm. *Vargas v. City of Philadelphia*, 783 F.3d 962, 973 (3d Cir. 2015). When a defendant has time to make unhurried judgments, however, deliberate indifference—*i.e.*, a conscious disregard of a substantial risk of serious harm—will suffice. *Id.* (citations omitted). Between these poles we have recognized an intermediate category, under which conduct shocks the conscience if a defendant "consciously disregarded a great risk of harm." *Sanford*, 456 F.3d at 310. Ray argued that this standard, applicable to situations in which the state actor is not under great pressure but "nonetheless does not have the luxury of proceeding in a deliberate fashion," *id.*, applied in this case. Officers Cain and Markley argued, and still do, that the intent-to-harm standard should govern. The District Court assumed without deciding that Ray was correct on this score, but concluded that the facts did not support a finding that the officers consciously disregarded a great risk of harm. We need not ascertain which side has the stronger argument regarding their preferred standards of review. Even assuming

4

that Ray's standard applies, the District Court did not err in granting summary judgment for the officers.

Ray claims Cain and Markley acted with a conscious disregard of a great risk of harm at five moments during the encounter: (1) Markley's placement of the police cruiser at an angle insufficient to fully protect Ray at his initial location; (2) their failure to prevent Ray from crossing the intersection when he stood up; (3) their decision to handcuff Ray while he was still in the roadway; (4) Cain's "abandon[ment] [of] his post" to retrieve the cruiser; and (5) Markley's failure to protect Ray from oncoming traffic or move him to safety. Ray Br. 32–35.

We agree with the District Court that no reasonable jury could have found that the officers' conduct shocks the conscience. Ray's first allegation, as the District Court noted, is "of no legal moment from a causation standpoint," because Ray was injured not at his initial location but rather at the opposite corner of the intersection. *Ray v. Cain*, 2016 WL 5468117, at *11 (W.D. Pa. Sept. 29, 2016). Ray's second allegation is contradicted by the undisputed record evidence of the officers' attempts to bring Ray to safety by ordering him to move to the sidewalk and—after he left the roadway but before he fell back in—ordering him to the ground. *Id.* at *12.

The officers' decision to handcuff Ray while he remained in the roadway is likewise insufficient to show conscious disregard for the risk to Ray, because it was accompanied by efforts to mitigate that risk. Those efforts included: Officer Cain's use of the strobe setting on his flashlight during the arrest to divert possible oncoming traffic, the officers' call for backup, and Officer Cain's attempt to reposition the cruiser to

5

protect Ray. The fact that those efforts were thwarted by a drunk driver does not mean they acted with conscious disregard. For the same reasons, no reasonable jury could have found that Officer Cain acted with conscious disregard in temporarily leaving the scene of the arrest. With the benefit of hindsight, Cain's decision turned out to be a miscalculation and if the decision was erroneous when made (a debatable point), it was no more than negligence. And as the District Court noted, "mere negligence is not enough to shock the conscience." *Vargas*, 783 F.3d at 974 (alteration omitted) (quoting *Sanford*, 456 F.3d at 311). Finally, Ray's contention that Officer Markley acted "carelessly and wantonly," Ray Br. 34, in failing to remove Ray from the roadway in time to avoid injury is unsupported by the record. It is undisputed that until the moment Ray was struck by the drunk driver, Officer Markley had tried, by his words and deeds, to secure Ray's safety.

Ray's reliance upon our decision in *Kneipp v. Tedder,* 95 F.3d 1199 (3d Cir. 1996), is misplaced. In that case, plaintiffs had "adduced sufficient evidence to raise a material issue as to whether [the defendant police officer] acted in willful disregard" for the safety of an intoxicated pedestrian. *Id.* at 1208. After stopping a man and his visibly intoxicated wife walking home on a cold winter night for causing a disturbance, police officers allowed the man to go home alone while they questioned the wife. *Id.* at 1210. They then abandoned her, only to find her later that night at the bottom of a roadside embankment with permanent brain damage caused by exposure to the cold. *Id.* at 1202–03. Far from abandoning Ray, Officers Cain and Markley took several affirmative steps to protect him. *Kneipp* is therefore inapposite.

6

For these reasons, the District Court did not err when it granted Officers Cain and Markley summary judgment on Ray's "state-created danger" claim.

## III

Our affirmance of the District Court's judgment in favor of Markley and Cain is fatal to Ray's *Monell* claim against the City of Washington. "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013). *See also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (explaining that if a municipal employee "inflicted no constitutional injury . . . , it is inconceivable that [the municipality] could be liable").

## IV

For the reasons stated, we will affirm the District Court's summary judgment.